## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

### CASE NO:

ANNE FULLINGTON, individually,
and on behalf of all others
similarly situated,

      Plaintiffs,

vs.

UPTOWN TAVERN, LLC, an Illinois
limited liability company,

      Defendant.

_____/

### CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ANNE FULLINGTON ("Plaintiff"), on behalf of herself and all others similarly situated, files this Class Action Complaint for Damages and Demand for Jury Trial against Defendant, UPTOWN TAVERN, LLC (referred to herein after as "Defendant") for failure to comply with provisions of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Act ("IMWA"), and to recover applicable tips and minimum wages for certain hours worked for herself and all Restaurant Servers (hereinafter "Servers") who worked within the past 5 years for Uptown Tavern in Carlinville, Illinois, pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105, and in support states as follows:

### INTRODUCTION

1.    Workers across the State of Illinois are entitled to a minimum wage that provides a fulfilling life, protects employees from unfair wage competition, and does not force them to rely upon taxpayer-funded public services to avoid economic hardship. This lawsuit arises under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, et seq., the Illinois Wage Payment

and Collection Act ("IWPCA"), 820 ILCS 115/1 et. seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b), et. seq. for Defendant's failure to pay Plaintiff and other similarly situated employees earned tips and minimum wage. Defendant has operated tis restaurant and bar in Carlinville, Illinois, within the past 5 years and has paid its tipped employees sub-minimum hourly wages in an effort to avail itself of the tip-credit provisions of the IMWL and FLSA. Those tip credit provisions permit employers of tipped employees to pay wages less than the full minimum wage, so long as employers comply with specific notice requirements. Defendant failed to provide sufficient notice of its intent to rely upon the tip credit, and otherwise enforced a policy of allowing ineligible participants to receive portions of a tip pool during the relevant time period. Defendant also engaged in a pattern of regularly assigning tipped employees, who were paid sub-minimum wages, to perform an array of duties outside of their tipped occupations. Plaintiff seeks to stop Defendant from engaging in this unlawful conduct and to vindicate her rights along with the rights of all similarly situated Servers who were employed by Defendant within the past 5 years.

## **PARTIES**

2.      Plaintiff and the Class Members are/were Servers who worked for Defendant within the last five (5) years at Uptown Tavern located at 33 Daley Street in Carlinville, Illinois, 62626.

3.      Plaintiff and the Class Members were paid less than the applicable Illinois minimum wage by Defendant for certain hours worked in one or more workweeks.

4.      Plaintiff worked for Defendant as a Server from on or about May 1, 2021, through on or about June 2, 2022.

5.      The proposed Class Members worked for Defendant as Servers in the same or identical capacity as Plaintiff within the past 5 years.

6.      Plaintiff and the proposed Class Members were subjected to similar violations of IMWA and the FLSA.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following three (3) classes for failure to pay Illinois' mandated minimum wages pursuant to the Illinois Minimum Wage Act ("IMWA"):

| | |
|---|---|
| **Tip Notice Class:** | **All Servers who worked for Defendant at Uptown Tavern in   Carlinville,   Illinois, during the five (5) years preceding this lawsuit, who were paid less than the prevailing Illinois Minimum Wage and not provided the sufficient tip notice.** |
| **Tip Pool Class:** | **All Servers who worked for Defendant at Uptown Tavern in   Carlinville,   Illinois from March 23, 2018, through the present, who were required to share any portions of their tips with employers, supervisors, and/or managers.** |
| **80/20 Class:** | **All Servers who worked for Defendant at Uptown Tavern in Carlinville, Illinois within the past (5) years preceding this lawsuit, who were required to spend more than 30 minutes (or 20% of their shift) performing non-tip producing work.** |

7.      The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members for each proposed class exceeds 50 Servers.

8.      At all times material hereto, Plaintiff, and members of the putative class, were non-exempt "employees" of Defendant as defined by the IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. 203(d), and the IWPCA, 820 ILCS 115/2.

9.      At all times material hereto, Defendant, UPTOWN TAVERN, was the "employer" of Plaintiff and each putative class as that term is defined under IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. 203(d), and IWPCA, 820 ILCS 115/2.

10.      Defendant, UPTOWN TAVERN's principal address is 33 Daley Street, Carlinville, Illinois, 62626, within the jurisdiction of this Honorable Court.

## JURISDICTION & VENUE

11.      This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the IMWA, and the ILCS, to recover damages from Defendant and reasonable attorney's fees and costs. The relief sought under Illinois law in this action is intended to include each and every Server who worked for Defendant at any time within the past five (5) years at Uptown Tavern in Carlinville, Illinois.

12.      This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

13.      All acts and omissions giving rise to Plaintiff's claim took place within Carlinville, Illinois, which falls within the jurisdiction of this Honorable Court.

14.      This Court has jurisdiction and venue over this Class Action Complaint, as Defendant's principal address is in Carlinville, Illinois, where the subject restaurant operates.

## FLSA COVERAGE

15.      Defendant is an enterprise covered by the Fair Labor Standards Act ("FLSA"), and IMWA, and ILCS, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16.    Defendant's employees handled goods such as napkins, silverware, appliances, liquor, beer, food items, French fries, credit cards, debit cards, restaurant equipment, pens, chairs, tables, vacuum cleaners, steaks, seafood, napkins, silverware, televisions, remote controls, chicken, menus, and other materials that had previously travelled through commerce.

17.    At all material times (during the last five years), Defendant had an annual gross revenue in excess of $500,000.00 in 2017, 2018, 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

**GENERAL FACTUAL ALLEGATIONS**

18.    Defendant operates Uptown Tavern in Carlinville, Illinois, and provides a variety of food and drink services to the general public.

19.    Defendant employed Plaintiff and the Class Members as restaurant "Servers" at Uptown Tavern within the past five (5) years.

20.    Plaintiff and Class Members were non-exempt employees of Defendant.

21.    Plaintiff and Class Members' job duties consisted of serving patrons and customers.

22.    The work performed by Plaintiff and Class Members was an integral part of the business for Defendant.

23.    Defendant controlled and/or remained responsible for the work of Plaintiff and the Class Members, and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under federal and Illinois law.

24.    Defendant had the power to hire and fire Plaintiff and the Class Members.

25.    Defendant and/or managers and supervisors enforce pay policies at the subject restaurant and require Plaintiff and Class Members to comply with these requirements.

26.     Defendant controlled Plaintiff and Class Members' work schedules by either issuing the schedules themselves and/or delegating this task to restaurant managers.

27.     Defendant scheduled Plaintiff and other Class Members to certain shifts by either issuing the schedules themselves and/or delegating this task to restaurant managers and supervisors.

28.     Defendant required Plaintiff and other Class Members to work a certain number of days during the week.

29.     Defendant required Plaintiff and other Class Members to work on specific days of the week.

30.     Defendant provided training, if needed, that taught the Servers what they needed to know in order to work at the restaurant.

31.     Defendant determined the rate and the method of payment of all Servers including Plaintiff.

32.     Defendant established and enforced the tip pool practices and policies in the restaurant.

33.     During the relevant time period Plaintiff and Class Members worked as Servers the Defendant attempted to take a tip credit toward the requisite federal and Illinois Minimum Wage but failed to provide Plaintiff and class members sufficient notice of the tip credit.

34.     As a result of these widespread violations, Plaintiff and members of the putative classes regularly worked hours for which they did not receive the full applicable Illinois minimum wage in one or more workweeks within the past five (5) years.

35.     Defendant also required Plaintiff and all other Servers to surrender certain tips they received to a tip pool each shift.

36.     From March 23, 2018, through the present, Defendant required Plaintiff and Class Members to share their tips with ineligible participants or otherwise allowed certain employers, managers, and/or supervisors in the restaurant to receive a portion of the tip pool in violation of the FLSA and IMWA regulations.

37.     During certain workweeks, Plaintiff and members of the putative class would typically be required to spend more than thirty (30) minutes of her shift (or 20% of her total shift) performing non-tipped duties and tasks incidental to her tipped duties and tasks.

38.     At the start of a shift this work included slicing lemons, making coffee, rolling silverware, cleaning drink stations, setting tables, setting chairs, and other activities that are considered "non-tipped" duties and responsibilities that are merely incidental to Plaintiff's primary duties. At a minimum, the opening responsibilities took at least thirty (30) minutes or more to perform.

39.     At the end of an evening shift, Plaintiff and putative Class Members were required to participate in "closing" the restaurant by breaking down and moving tables and chairs, replacing items in the dining area, cleaning the floors and tables, and other "non-tipped" duties and responsibilities that are merely incident to the Server's primary duties.   At a minimum, the closing responsibilities took thirty (30) minutes to perform but could take significantly longer on some evenings depending on the volume of business that particular day.   Plaintiff and putative Class Members would perform this work off-the-clock and did not receive adequate compensation for this work in accordance with federal and/or Illinois minimum wage.

40.     Defendant failed to keep accurate time and pay records for Plaintiff and Class Members to designate how much time was spent performing "non-tipped" work.

41.     Plaintiff and members of the putative class are entitled to receive the full Illinois Minimum Wage for "incidental" and "non-tipped" tasks and duties performed, because these tasks and duties exceeded thirty (30) minutes (or 20% of the total time) worked on a particular shift.

42.     Defendant maintained *some* records regarding the time Plaintiff and Class Members worked but failed to adequately maintain a full and complete account of all hours worked by the Servers.

43.     Defendant violated the terms of the FLSA in one or more workweeks by requiring Plaintiff to surrender portions of her hard-earned tips to ineligible participants such as employers, managers, and/or supervisors.

44.     Defendant violated the terms of the FLSA by allowing certain employers, managers, and/or supervisors to retain a portion of the tips that were the property of Plaintiff and the putative class.

45.     Defendant violated the Illinois provision on minimum wages by not paying Plaintiff and putative class members, at least Illinois' applicable minimum wage for all hours worked, and by failing to provide Plaintiff and putative class members with the requisite tip credit notice.

46.     Defendant violated the Illinois provision on minimum wages by allowing certain employers, managers, and/or supervisors to retain a portion of the tips that were the property of Plaintiff and the putative class.

47.     Plaintiff is entitled to recover any and all tips she was required to share with ineligible participants.

48.     Plaintiff and Class Members are entitled to receive at least Illinois' minimum wage for each hour worked.

49.     The State of Illinois allows employers to take a 40% tip credit toward the applicable Illinois minimum wage for customarily tipped employees so long as employers provide sufficient notice of the tip credit.

50.     Defendant failed to properly notify Plaintiff and the putative class that they would be taking a tip credit in the amount of 40% toward the required applicable Illinois minimum wage per hour based on the tips received by Plaintiff during her employment.

51.     In 2017, the Illinois Minimum Wage was $8.25 per hour.

52.     In 2017, the 40% applicable reduced wage for tipped employees in Illinois was $4.95 per hour.

53.     In 2018, the Illinois Minimum Wage was $8.25 per hour.

54.     In 2018, the 40% applicable reduced wage for tipped employees in Illinois was $4.95 per hour.

55.     In 2019, the Illinois Minimum Wage was $8.25 per hour.

56.     In 2019, the 40% applicable reduced wage for tipped employees in Illinois was $4.95 per hour.

57.     In 2020, from January 1 through June 30, the Illinois Minimum Wage was $9.25 per hour.

58.     In 2020, from January 1 through June 30, the 40% applicable reduced wage for tipped employees in Illinois was $5.55 per hour.

59.     In 2020, from July 1 through December 31, the Illinois Minimum Wage was $10.00 per hour.

60.     In 2020, from July 1 through December, the 40% applicable reduced wage for tipped employees in Illinois was $6.00 per hour.

61.     In 2021, the Illinois Minimum Wage was $11.00 per hour.

62.     In 2021, the 40% applicable reduced wage for tipped employees in Illinois was $6.60 per hour.

63.     From January 1, 2022, through the present the Illinois Minimum Wage is $12.00 per hour.

64.     From January 1, 2022, through the present, the 40% applicable reduced wage for tipped employees in Illinois is $7.20 per hour.

65.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for hours worked in each of the preceding five (5) years.

66.     The records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and Class Members are in the possession, custody, and control of Defendant.

67.     Defendant violated the FLSA by allowing certain employers, managers, and/or supervisor to receive a portion of the tip pool to which Plaintiff and members of the putative class were required to contribute.

68.     Defendant violated the IMWA by not paying Plaintiff and the putative class members, at least Illinois minimum wage for certain hours worked.

69.     Defendant violated the IMWA by allowing certain employers, managers, and/or supervisors to receive a portion of the tip pool to which Plaintiff and members of the putative class were required to contribute.

70.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

71.    Defendant was aware of the requirements of the FLSA, the ILWA, and the ILCS, and the pertinent regulations thereto, yet acted willfully and/or intentionally in failing to pay Plaintiff and the class members in accordance with the law.

72.    The applicable statute of limitations under the FLSA is therefore 3 years as opposed to 2 years and the applicable statute of limitations under the ELWA and ILCS is 5 years.

## CLASS ALLEGATIONS

73.    Class members are treated equally and similarly by Defendants, in that they were commonly mistreated by Defendant as they were not paid full and proper Illinois minimum wages for all hours worked.

74.    On information and belief, Defendant employed in excess of 50 class members who were not paid Illinois minimum wage for certain hours worked within the past five (5) years.

75.    Defendant failed to provide Plaintiff and class members the requisite tip notice required under federal and Illinois law.[1]

76.    Defendant failed to pay Plaintiff and class members at least the reduced wage for each hour they worked and failed to pay Plaintiff and class members the full Illinois minimum wage for other hours worked.

---

[1] "Tip credits are treated identically under both the Illinois Minimum Wage Act and the federal Fair Labor Standards Act, and so cases on the requirements for a tip credit under the FLSA are also relevant to the requirements of the Illinois Minimum Wage Act." *See, e.g.,* Williams-Green v. J. Alexander's Restaurants, Inc., 277 F.R.D. 374 (N.D. Ill. 2011) *citing* Morgan v. SpeakEasy, LLC, 625 F.Supp.2d 632, 650 (N.D. Ill. 2007); *see, also,* Cho v. Maru Restaursant, Inc., 194 F.Supp.3d 700 (N.D. Ill. 2016) ("The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes") *quoting* Labriola v. Clinton Entm't. Mgmt., LLC, 2016 WL 1106862 at *5 (N.D. Ill. 2016) (collecting cases).

77.    Plaintiff and class members worked at the same restaurant location in Carlinville, Illinois.

78.    Plaintiff and class members performed the same job duties as Servers and were paid in an identical manner by Defendant based on Defendant treating the Servers as tipped employees but not compensating them in accordance with Illinois law.

79.    Plaintiff and class members were not paid proper Illinois minimum wages for all hours worked.

80.    Plaintiff and class members were not paid the proper reduced wage for tipped employees for all hours worked.

81.    Plaintiff and class members were required to contribute portions of their tips each shift to a tip pool which was then distributed to restaurant staff including employers, managers, and/or supervisors.

82.    Defendant failed to keep accurate time and pay records for Plaintiff and all class members.

83.    Defendant was aware of the requirements of Illinois law yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

84.    Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay reasonable attorney's fees and costs if she prevails.

85.    The claims alleged under Illinois law may be pursued by all similarly situated persons pursuant to Fed. R. Civ. P. 23.

86.    The number of individuals in the class is so numerous that joinder of all members is impracticable.  The exact number of members of each class can be determined by reviewing

Defendant's records. Plaintiff, on information and belief, is aware that there are numerous eligible individuals in the defined class and estimates the class size to be in excess of 50 Servers.

87.    Plaintiff will fairly and adequately protect the interests of the class and has retained counsel which is experienced and competent in class action employment litigation.

88.    Plaintiff has no interests that are contrary to or in conflict with the members of the class.

89.    A class action lawsuit, such as this one, is superior to other available means for fair and efficient adjudication of the issues alleged herein. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

90.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of Illinois law.

91.    Even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

92.    There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a)    Whether Defendant employed Servers within meaning of the law;

b)    Whether Defendant uniformly, willfully, and wrongfully failed to pay Servers the Illinois minimum wage for all hours worked;

c)    Whether Defendant required Servers to contribute to a tip pool that was then distributed to individuals who were employers, managers, and/or supervisors in the restaurant;

d)    What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

e)    Whether Defendant's failure to compensate Plaintiff and the class members at the applicable Illinois minimum wage was willful, intentional, or done with reckless disregard.

93.    The relief sought is common to the entire class including:

a)    Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to Illinois law;

b)    Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to Illinois law;

c)    Payment by Defendant for damages related to unlawful tip pooling practices; and

d)    Payment by Defendant of the costs and expenses of this action, including attorney's fees to Plaintiff's counsel.

94.    Plaintiff's claims are typical of the claims of members of the class.

95.    Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of Illinois law.

96.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class action.

14

97.    As a result of Defendant's intentional and willful failure to comply with the FLSA and Illinois law, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I –TIP VIOLATIONS UNDER THE FLSA - 29 U.S.C. § 216(b) / 29 U.S.C. § 203(m)**

98.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 97 as though set forth fully herein.

99.    On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 203(m) of the tip provisions of the FLSA to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

100.    Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violates Section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages… An action to recover the liability prescribed in the preceding sentences may be maintained against any employer in any Federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

101.    Defendant required Plaintiff in one or more workweeks of her employment to share or otherwise surrender portions of tips she earned with employers, managers, and/or supervisors employed by Defendant.

102.    Defendant enforced this requirement or was otherwise aware of this practice and allowed it to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

103.    As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff has been damaged in the loss of tips in one or more weeks of work during her employment with Defendant.

104.    Defendant's willful and/or intentional violation of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

105.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANNE FULLINGTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, UPTOWN TAVERN, LLC, and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT II – RULE 23 CLASS ACTION FOR ILLINOIS MINIMUM WAGE VIOLATIONS
### (Tip Notice Class)

106.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 97 as though set forth fully herein.

107.    Defendant violated the IMWA provision on minimum wages by attempting to take a tip credit against applicable state minimum wages without providing Plaintiff and putative class members with the required tip notice under Illinois law.

108.    Defendant failed to provide Plaintiff and putative class members with the appropriate tip notice within the past 5 years.

109.     Defendant therefore forfeits any tip credit under Illinois law and owes each Server *at least* the tip credit taken for each hour of work they performed within the past 5 years in time periods in which Defendant failed to comply with the reduced wage requirements.

110.     Plaintiff and the class members are entitled to receive at least Illinois' minimum wage for certain hours worked.

111.     In 2017, the Illinois Minimum Wage was $8.25 per hour.

112.     In 2018, the Illinois Minimum Wage was $8.25 per hour.

113.     In 2019, the Illinois Minimum Wage was $8.25 per hour.

114.     From January 1, 2020, through June 30, 2020, the Illinois Minimum Wage was $9.25 per hour.

115.     From July 1, 2020, through December 31, 2020, the Illinois Minimum Wage was $10.00 per hour.

116.     In 2021, the Illinois Minimum Wage was $11.00 per hour.

117.     In 2022, the Illinois Minimum Wage is $12.00 per hour.

118.     Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the IMWA.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

> **All Servers who worked for Defendant at Uptown Tavern in Carlinville, Illinois, during the five (5) years preceding this lawsuit, who were not provided the required tip notice under Illinois law.**

## RULE 23 CLASS ALLEGATIONS

119.     Plaintiff brings this IMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

17

120.    The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage based upon the Defendant's failure to provide Plaintiff and similarly situated Servers the applicable tip notice required under Illinois law for an employer to take a tip credit.

121.    *Numerosity:* Defendant employed in excess of 50 Servers in the class during the past five (5) years who were not provided the appropriate tip notice when Defendant attempted to take a tip credit under Illinois law. Given Defendant's considerable size and the systematic nature of its failure to comply with Illinois law, the members of the Class are so numerous that joinder of all members is impractical.

122.    Plaintiff and the class members were subject to the same policies.

123.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following:

(a)    Whether Plaintiff and the Tip Notice Class were "employees" of Defendant;

(b)    Whether Plaintiff and the Tip Notice Class' hours were properly recorded;

(c)    Whether Defendant violated the IMWA rights of Plaintiff and the Tip Notice Class under the IMWA by failing to compensate these employees the applicable wage;

(d)    Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Illinois minimum wages as required under state law;

(e)    Whether Defendant knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(f)     The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Notice Class based upon Defendant's conduct.

124.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from the Defendant's company-wide policy of failing to provide sufficient notice of the tip credit under Illinois law.

125.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.  Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

126.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

127.    Defendant has acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole.  Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

128.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

129.    Plaintiff and the Tip Notice Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's failure to provide notice to Plaintiff and the Tip Notice Class members of a tip credit.

130.    Plaintiff and the Tip Notice Class members were not paid proper Illinois minimum wage for the hours worked.

131.    Defendant was aware of the requirements of the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

132.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Notice Class members exceeds 50 Servers.

133.    This action is intended to include each and every Server who worked at Defendant's restaurant in Carlinville, Illinois, during the past five (5) years and was not provided sufficient tip notice when Defendant attempted to take a tip credit.

134.    During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt employees of Defendant.

135.    Plaintiff and the Tip Notice Class members performed work as servers which was an integral part of the business for Defendant.

136.    Defendant violated the terms of the IMWA's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members, with proper notification that Defendant would be relying upon a tip credit against the applicable Illinois minimum wages.

137.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

138.    Plaintiffs have complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

139.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

140.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWA.

141.    Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

142.    The relief sought is common to the entire class including, inter alia:

(a)    Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the IMWA;

(b)     Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the IMWA as a result of Defendants' intentional and/or willful violations;

(c)     Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

143.     Plaintiff and the Tip Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the IMWA.

144.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANNE FULLINGTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, UPTOWN TAVERN, LLC, and award Plaintiff, and the putative class: (a) unliquidated Illinois minimum wage damages to be paid by Defendant; (b) liquidated damages; (c) all reasonable attorney's fees and costs as permitted under Illinois law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT III – RULE 23 CLASS ACTION FOR TIP POOL VIOLATIONS UNDER IMWA
### (Tip Pool Class)

145.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 97 as though set forth fully herein.

146.     Plaintiff and the proposed Tip Pool Class members were subjected to similar violations of the IMWA.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

> **All Servers who worked for Defendant at Uptown Tavern in Carlinville, Illinois, from March 23, 2018, through the present,**

**who were required to share tips with employers, managers, and/or supervisors.**

147.    On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 203(m) of the tip provisions of the FLSA to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

148.    Illinois law expressly incorporates the FLSA regulations, case law, and administrative interpretations, including Section 203 and the above amendments thereto.[2]

149.    From March 23, 2018, through the present Defendant allowed employers, managers, and/or supervisors to keep a portion of Servers' tips by virtue of the fact that one or more of these categories of individuals received a portion of the tip pool to which the Servers were required to contribute.

150.    As a result of these improper tip pooling practices, the tip credit is invalidated from March 23, 2018, through the present and Defendant is in violation of Illinois law, including the IMWA.

RULE 23 CLASS ALLEGATIONS

151.    Plaintiff brings his IMWA claim arising from the tip pool violations as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

---

[2] "Tip credits are treated identically under both the Illinois Minimum Wage Act and the federal Fair Labor Standards Act, and so cases on the requirements for a tip credit under the FLSA are also relevant to the requirements of the Illinois Minimum Wage Act." *See, e.g.,* Williams-Green v. J. Alexander's Restaurants, Inc., 277 F.R.D. 374 (N.D. Ill. 2011) *citing* Morgan v. SpeakEasy, LLC, 625 F.Supp.2d 632, 650 (N.D. Ill. 2007); *see, also,* Cho v. Maru Restaursant, Inc., 194 F.Supp.3d 700 (N.D. Ill. 2016) ("The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes") *quoting* Labriola v. Clinton Entm't. Mgmt., LLC, 2016 WL 1106862 at *5 (N.D. Ill. 2016) (collecting cases).

152.     From March 23, 2018, through the present, Defendant required Servers to contribute a portion of their hard-earned tips to a tip pool which was then distributed to staff including employers, managers, and/or supervisors in the restaurant.

153.     The Tip Pool Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage because they required Servers to share their tips with ineligible participants.  Plaintiff and the Tip Pool Class members performed the same job duties as Servers and were paid in an identical manner by Defendant based on Defendant's reliance on the tip credit and its subsequent failure to compensate Plaintiff and the Tip Pool Class members applicable Illinois Minimum Wages.

154.     *Numerosity:* Defendant employed more than 50 Servers in the class during the past five (5) years who were not paid Illinois minimum wage as a result of the Defendant requiring Plaintiff and the Tip Pool Class members to share their tips with employers, managers, and/or supervisors vis-à-vis the tip pool. Given Defendant's size and the systematic nature of its failure to comply with Illinois law, the members of the Tip Pool Class are so numerous that joinder of all members is impractical.

155.     Plaintiff and the class members were subject to the same policies.

156.     *Commonality:* Common questions of law and fact exist as to all members of the Tip Pool Class and predominate over any questions solely affecting any individual member of the Tip Pool Class, including Plaintiff.  Such questions common to the Tip Pool Class include, but are not limited to the following:

(a)     Whether Plaintiff and the Tip Pool Class were "employees" of Defendant;

(b)     Whether Plaintiff and the Tip Pool Class's hours were properly recorded;

(c)    Whether Defendants required Plaintiff and the Tip Pool Class to contribute any portion of their tips to a tip pool;

(d)    Whether Defendants violated the Illinois minimum wage rights of Plaintiff and the Tip Pool Class under the Illinois Minimum Wage Act by allowing employers, managers, and/or supervisors to receive a portion of the tip pool;

(e)    Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Pool Class the Illinois minimum wages as required under Illinois law;

(f)    Whether Defendant knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(g)    The nature, extent, and measure of damages suffered by the Plaintiff and the Class based upon Defendant's conduct.

157.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Pool Class.  Plaintiff's claims arise from the Defendant's company-wide policy of relying on a tip credit for all Servers and requiring Servers to contribution certain portions of their tips to a tip pool that was later distributed to employers, managers, and/or supervisors in the restaurant. Plaintiff and the class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's required tip pooling practices that applied to all Servers.

158.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Pool Class. Plaintiff has no interest that might conflict with the interests of the Tip Pool Class.  Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

159.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

160.    Defendant has acted on grounds generally applicable to the Tip Pool Class, thereby making relief appropriate with respect to the Tip Pool Class as a whole. Prosecution of separate actions by individual members of the Tip Pool Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Pool Class that would establish incompatible standards of conduct for Defendant.

161.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Pool Class.

162.    Defendant failed to keep accurate time and pay records for Plaintiff and all class members to designate how much of the tip pool was given to non-eligible participants.

163.    Defendant was aware of the requirements of the IMWA, and provisions of the FLSA that are incorporated into the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Pool Class members in accordance with the law.

164.    The precise size and identity of the Tip Pool Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of Tip Pool Class members exceeds 50 Servers.

165.    Plaintiff and the Tip Pool Class members are entitled to receive at least Illinois' minimum wage, and/or recovery of the applicable tip credit, for each hour worked from March 23, 2018, through the present.

166.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

167.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived.

168.    Tip Pool Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage as a result of Defendant's tip pool requirements.

169.    Defendant was aware of the requirements of the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Pool Class members in accordance with the law.

170.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

171.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWA.

172.    Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

173.    The relief sought is common to the entire class including, inter alia:

(a)    Payment by the Defendant of actual damages caused by their failure to pay Illinois minimum wages pursuant to the IMWA;

(b)    Payment by the Defendant of liquidated damages caused by their willful and/or intentional failure to pay minimum wages pursuant to the IMWA;

(c)    Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

174.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANNE FULLINGTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, UPTOWN TAVERN, LLC, and award Plaintiff, and the putative Class: (a) unliquidated minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and costs as permitted under Illinois law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT III – RULE 23 CLASS ACTION FOR 80/20 VIOLATIONS UNDER IMWA
### (80/20 Class)

175.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 100 as though set forth fully herein.

176.    Plaintiff and the proposed 80/20 Class members were subjected to similar violations of the IMWA.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

> **All Servers who worked for Defendant at Uptown Tavern in Carlinville, Illinois within the past (5) years preceding this lawsuit, who were required to spend more than 30 minutes (or 20% of their shift) performing non-tip producing work.**

177.    During the past 5 years, Defendant has attempted to take a tip credit toward its Illinois minimum wage obligations toward Servers for all hours of work.

178.    Side work and non-tipped work exceeding 30 continuous minutes is not considered "part of the tipped occupation." *See https://www.federalregister.gov/documents/2021/10/29/2021-23446/tip-regulations-under-the-fair-labor-standards-act-flsa-partial-withdrawal.*

179.    Because Defendant takes a tip credit toward wages paid to Servers during times when the restaurant is not open to the public for 30 or more minutes, it has violated the 80/20 rule and pertinent DOL regulations.

180.    As a result of these improper tip credit practices, the tip credit is invalidated for time Plaintiff and the putative class spent performing non-tipped work.

## RULE 23 CLASS ALLEGATIONS

181.    Plaintiff brings her IMWA claim arising from the 80/20 violations as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

182.    During the five (5) years preceding the filing of this class action lawsuit, Defendant paid Servers a sub-minimum wage for hours they spent performing non-tip producing work.

183.    The 80/20 Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage because Servers were paid a reduced and sub-minimum wage regardless of the type of work they were performing.  Plaintiff and the 80/20

Class members performed the same job duties as Servers and were paid in an identical manner by Defendant based on Defendant's reliance on the tip credit and its subsequent failure to compensate Plaintiff and the 80/20 Class members applicable Illinois Minimum Wages.

184.    *Numerosity:* Defendant employed more than 50 Servers in the class during the past five (5) years who were not paid Illinois minimum wage as a result of the 80/20 violations. Given Defendant's size and the systematic nature of its failure to comply with Illinois law, the members of the Tip Pool Class are so numerous that joinder of all members is impractical.

185.    Plaintiff and the class members were subject to the same policies.

186.    *Commonality:* Common questions of law and fact exist as to all members of the 80/20 Class and predominate over any questions solely affecting any individual member of 80/20 Class, including Plaintiff.  Such questions common to the 80/20 Class include, but are not limited to the following:

(h)    Whether Plaintiff and the 80/20 Class were "employees" of Defendant;

(i)    Whether Plaintiff and the 80/20 Class' hours were properly recorded;

(j)    Whether Defendant paid Plaintiff and the 80/20 Class a reduced sub-minimum wage even when their performance of non-tipped duties exceeded 20% of their shift;

(k)    Whether Defendant violated the Illinois minimum wage rights of Plaintiff and the 80/20 Class under the Illinois Minimum Wage Act by failing to compensate Plaintiff and the 80/20 Class members when they spent more than 20% of their shift performing non-tipped duties;

(l)    Whether Defendant willfully or intentionally refused to pay Plaintiff and the 80/20 Class the Illinois minimum wages as required under Illinois law;

(m)    Whether Defendant knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(n)    The nature, extent, and measure of damages suffered by the Plaintiff and the 80/20 Class based upon Defendant's conduct.

187.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the 80/20 Class.  Plaintiff's claims arise from the Defendant's company-wide policy of relying on a tip credit for all Servers and paying the reduced wage to all Servers even when they spent more than 20% of their shift performing non-tipped duties. Plaintiff and the class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's required tip credit practices that applied to all Servers.

188.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class. Plaintiff has no interest that might conflict with the interests of the 80/20 Class.  Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

189.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

190.    Defendant has acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole. Prosecution of separate actions by individual members of the 80/20 Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendant.

191.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the 80/20 Class.

192.    Defendant failed to keep accurate time and pay records for Plaintiff and all class members to designate how much of the tip pool was given to non-eligible participants.

193.    Defendant was aware of the requirements of the IMWA, and provisions of the FLSA that are incorporated into the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

194.    The precise size and identity of the 80/20 Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of 80/20 Class members exceeds 50 Servers.

195.    Plaintiff and the 80/20 Class members are entitled to receive at least Illinois' minimum wage for each hour worked during the past five (5).

196.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

197.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

198.    80/20 Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage as a result of Defendant's tip credit practices and policies.

199.    Defendant was aware of the requirements of the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

200.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

201.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWA.

202.    Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

203.    The relief sought is common to the entire class including, inter alia:

(a)    Payment by the Defendant of actual damages caused by their failure to pay Illinois minimum wages pursuant to the IMWA;

(b)    Payment by the Defendant of liquidated damages caused by their willful and/or intentional failure to pay minimum wages pursuant to the IMWA;

(c)    Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

(d)    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANNE FULLINGTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, UPTOWN TAVERN, LLC, and award Plaintiff, and the putative Class: (a) unliquidated minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and costs as permitted under Illinois law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff and Class Members hereby demand trial by jury on all counts above.

**Dated this 21st of July 2022**.

Respectfully submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33301
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com
David@usaemploymentlawyers.com
Catherine@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 21, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

## SERVICE LIST: