UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CASE NO: 3:22-cv-03136-SEM-KLM

ANNE FULLINGTON, individually and on
behalf of all others similarly situated,

    Plaintiff(s),

    v.

UPTOWN TAVERN, LLC, an Illinois
Limited Liability Company,

    Defendant.
_____/

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff, ANNE FULLINGTON (hereinafter "Plaintiff") and Defendant, UPTOWN TAVERN, LLC ("Defendant"), (Plaintiff and Defendant are hereinafter referred to as "the Parties") by and through undersigned counsel, hereby file their Joint Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice, as follows:

### I.    FACTUAL BACKGROUND

Plaintiff filed her Class Action Complaint for Damages and Demand for Jury Trial against Defendant on July 21, 2022. *D.E. 1*. The Complaint alleges four (4) counts against Defendant for state and federal minimum wage violations. *Id*. Count I seeks damages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 203(m) for the alleged unlawful misappropriation of tips by supervisors and managers. *Id*. Count II seeks damages under Rule 23 for violations for Illinois Minimum Wage Violations for the alleged failure of Defendant to provide statutory tip notice *Id*. Count III seeks damages under Rule 23 for tip pool violations under the Illinois Minimum Wage Act. *Id*.

Count IV seeks damages under Rule 23 for violations of the 80/20 rule. Defendant denies that Plaintiff or any putative class member is entitled to any minimum wages whatsoever and believe that Plaintiff's claims are barred because Defendant properly compensated Plaintiff as required under the FLSA and pertinent state law. The Parties dispute the accuracy of the record keeping practices performed by Defendant, and in particular, whether Defendant properly compensated Plaintiff for all hours worked in a workweek during her employment period. Moreover, Defendant denies that it is subject to enterprise coverage under the FLSA. In order to avoid the further expense and uncertainty of litigation, the Parties negotiated a settlement agreement ("the Agreement") and reached an accord on all material terms. The Parties have attached a copy of the executed Agreement hereto as **Exhibit A**. Defendant seeks to resolve Plaintiff's claims without any admission that Plaintiff was not properly compensated while employed with Defendant. Under the Agreement, Plaintiff will be receiving all of the unliquidated damages she claims to be owed. Further, the Parties negotiated Plaintiff's attorneys' fees and costs independently and separately from the settlement of Plaintiff's wage claims. The settlement thus provides Plaintiff with fair and reasonable compensation for her FLSA claims. Accordingly, the Parties respectfully request that this Honorable Court grant their Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice.

**II.    MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for."). Before approving an

2

FLSA settlement, a court must find that the settlement "represents a fair and equitable resolution of a *bona fide* dispute" under the FLSA. *See, e.g.,* Donaldson v. MBR Central Illinois Pizza, LLC, 2019 WL 4447969 (C.D. Ill. 2019) *citing* Salcedo v. D'Arcy Buick GMC, Inc., 227 F.Supp.3d 960, 961 (N.D. Ill. 2016). If a court is satisfied that an FLSA settlement is the product of contested litigation, approval of the settlement is usually appropriate. *Id. citing* Koszyk v. Country Fin. a/k/a CC Servs., Inc., 2016 WL 5109196 at *1 (N.D. Ill. 2016).

There are only two ways in which employees can settle or compromise back wages claims arising under the FLSA. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.* The district court may enter a stipulated judgment in an FLSA case "after scrutinizing the settlement for fairness." *See* Lynn's Food Stores, Inc., 679 F.2d at 1353-55. If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are in dispute, such as FLSA coverage or computation of back wages, the district court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Ellison v. Nisource, Inc., 2:15-cv-59-TLS, 2016 WL 782857, at *1 (N.D. Ind. Feb. 29, 2016); Donaldson, 2019 WL 4447969 (C.D. Ill. approving FLSA settlement agreement where Plaintiffs collectively received a total of $4,000.00 and their counsel received a total of $10,000.00 in attorney's fees and costs).

Here, the Parties respectfully submit that the terms set forth within the settlement agreement into which they entered was a "fair and reasonable resolution" of Plaintiff's wage and hour claims. This case involves bona fide issues of FLSA coverage and liability. If Plaintiff had

proceeded to trial, a jury could have determined that she was entitled to minimum wages and/or tips from the course of her employment period, plus an equal amount of liquidated damages if the Court determined the violations were deemed to be willful and/or intentional. Alternatively, a jury could have determined that Plaintiff was exempt under the FLSA, not owed any wages, or that Defendant was not covered under enterprise coverage, in which case the Plaintiff would recover nothing. Instead, the Parties negotiated a payment through counsel that is satisfactory to the Parties. Without admitting any liability as to the alleged minimum wage and tip pool violations, Defendant has agreed to pay Plaintiff a total sum of $7,500.00 as settlement for all claims in this matter. Because the Parties engaged in an arm's length negotiation in which they were both represented by competent and experienced counsel, this is a fair and reasonable settlement of FLSA claims.

The Court's determination of whether a proposed settlement is both fair and reasonable also includes an evaluation of the reasonableness of the attorney's fees sought. *See* Bligh v. Constr. Res. of Ind., Inc., 2016 WL 5724893 at *3 (N.D. Ill. 2016). As to the amount of attorney's fees awarded under a settlement agreement, "[p]roportionality is the comparison between a plaintiff's damages and attorney's fees." Dominguez v. Quigley's Irish Pub, Inc., 897 F.Supp.2d 674, 686 (N.D. Ill. 2012) *citing* Anderson v. AB Painting & Sandblasting, Inc., 578 F.3d 542, 546 (7th Cir. 2009). "There is no strict rule of proportionality, and the Seventh Circuit has 'repeatedly rejected the notion that the fees must be calculated proportionally to damages.'" Dominguez, 897 F.Supp.2d at 686 *quoting* Estate of Enoch ex rel. Enoch v. Tienor, 570 F.3d 821, 823 (7th Cir. 2009).

### A)     **Jordan Richards, Esquire**

Plaintiff's lead counsel, Mr. Richards charges a reasonable hourly rate of $400.00 for work performed on this case. *See* Declaration of Jordan Richards, Esquire, attached as **Exhibit B.** Mr.

4

Richards has been consistently approved at his rate for work on FLSA cases in the federal courts. *See, e.g.,* Rambo et. al. v. Global Diversified Inc., et. al., C.D. Ill. Case No. 4:20-cv-04212-SLD-JEH, D.E. 9, at pg. 5-6 (C.D. Ill. Jan 26, 2021) (Judge Darrow approving Mr. Richards at $375 in 2021); Conrey v. Bagel Way Kosher Way, Inc., et. al., S.D. Fla. Case No. 18-cv-22795-DPG (Judge Gayles awarding Mr. Richards $400 per hour in FLSA case); *see, also,* Jiminez v. Alpine Towing, Inc., et. al., *S.D. Fla. Case No. 1:19-cv-21643-KMM* (Judge Moore awarding Mr. Richards $350 per hour in FLSA case)*;* Fish v. Ely's Tire Inc., et. al., S.D. Fla. Case No. 0:19-cv-61068-KMM (Judge Moore awarding Mr. Richards $350 per hour in FLSA case)*;* Vanderbilt v. Boat Bottom Express, LLC, et. al., *S.D. Fla. Case No. 4:18-cv-10261-JLK* (Judge King awarding Mr. Richards $350 per hour in FLSA case)*;* Carey v. EWPB LLC, S.D. Fla. Case No. 9:19-cv-80811-DMM (Judge Middlebrooks approved Mr. Richards at $350.00 per hour and acknowledged that this is imminently reasonable because other courts have approved him at $400.00 per hour); Gilkerson v. Bagdad Mini Warehouse and RV Storage, Inc., N.D. Fla. Case No. 3:20-cv-05522-TKW-HTC (N.D. Fla. Oct. 26, 2020) (Approving attorney's fees in FLSA settlement in which Mr. Richards billed at a rate of $350.00 per hour).  Other federal courts in Florida have likewise approved Mr. Richards at this rate.  *See* Lovett v. KS Janitorial Services, Inc., M.D. Fla. Case No. 8:20-cv-1511 (Aug. 11, 2020) (Approving Mr. Richards at $350 per hour in FLSA case).

Mr. Richards respectfully submits that the $400.00 per hour sought for his work on this case is reasonable in light of his prior experience in FLSA matters, and the fact other Courts have awarded Mr. Richards $400.00 per hour for his work on FLSA cases.  *Id.*  Moreover, other Central District of Illinois courts have recently found that $400.00 per hour is within the reasonable rates for attorneys in FLSA matters.  *See, e.g.,* Rambo. C.D. Ill. Case No. 4:20-cv-04212-SLD-JEH, D.E. 9, at pg. 5-6 (Judge Darrow noting that the prevailing rate in the Central District of Illinois

5

was about $250-$425); Donaldson, 2019 WL 4447969 at *3 *citing* Abellan v. HRDS Le Roy IL, LLC, 2018 WL 6247260 at *10 (C.D. Ill 2018) (approving award of fees where attorneys and paralegals billed at rates between $150 per hour and $400 per hour). The $400.00 per hour charged by Mr. Richards is therefore imminently reasonable.

Mr. Richards is a graduate of the Benjamin N. Cardozo School of Law at Yeshiva University in New York and has practiced law in the State of Florida since 2014 and has practiced law in the State of Illinois since 2018. **Exhibit B**. Before engaging in private practice, Mr. Richards began his legal career as a prosecutor in the State Attorney's Office for the 17th Judicial District in Fort Lauderdale, Florida, where he litigated dozens of trials to verdict. *Id.* Mr. Richards is licensed to practice in all state and federal courts throughout Florida, including the United States District Court for the Southern District of Florida, the Middle District of Florida, and the Northern District of Florida. **Exhibit B**. Mr. Richards is also licensed to practice before the United States Supreme Court, the Eleventh Circuit Court of Appeals, the United States District Court for the Northern District of Illinois, the United States District Court for the Central District of Illinois, the United States District Court for the Southern District of Illinois, the United States District Court for the District of Colorado, the United States District Court for the District of New Mexico, the United States District Court for the Southern District of New York, and the United States District Court for the Eastern District of New York. Additionally, Mr. Richards has also appeared as counsel in the Northern District of Georgia (*pro hac vice*) and the Northern District of California (*pro hac vice*). Mr. Richards is also licensed to practice in the States of Illinois and New York. *Id.* Mr. Richards has been recognized through peer review as a Super Lawyers Rising Star for 2020, 2021, and 2022, in the area of Labor and Employment Law and has also been awarded an AV Pre-Eminent Rating from Martindale Hubbell – a peer rating awarded for the highest level of

6

professional excellence. To date, Mr. Richards has appeared as counsel in over 300 federal lawsuits. **Exhibit B**. The vast majority of these claims arise under the FLSA or involve other claims arising under other federal employment and/or consumer protection laws. **Exhibit B**.

In order to avoid further expenses and uncertainty of litigation, Defendant agrees to stipulate to the foregoing regarding Jordan Richards' experience and the reasonableness of an hourly rate of $400.00 per hour.

### B)  Jake Blumstein, Esquire

Associate attorney Jake Blumstein, Esquire ("Mr. Blumstein"), seeks a reasonable hourly rate of $275.00 per hour for work performed on this case. *See* **Exhibit B.** Mr. Blumstein was approved at $225.00 per hour by Judge Darrow in January 2021. Rambo, C.D. Ill. Case No. 4:20-cv-04212-SLD-JEH, D.E. 9, at pg. 5-6. He was also approved by various other federal judges at his hourly rate. *See, e.g.,* Lovett v. KS Janitorial Services, Inc., M.D. Fla. Case No. 8:20-cv-1511 (Aug. 11, 2020) (Finding Mr. Blumstein's hourly rate of $225 per hour in FLSA case to be reasonable). Mr. Blumstein is a third-year associate attorney, but has over four (4) years of experience working on federal employment litigation matters when combining the time he clerked with USA Employment Lawyers – Jordan Richards PLLC while he was in law school. *Id.* Federal Courts have regularly awarded first-year associate attorneys at USA Employment Lawyers – Jordan Richards PLLC $225.00 per hour for work performed on FLSA cases. *See* Jiminez, S.D. Fla. Case No. 1:19-cv-21643-KMM (Awarding first year associate $225 per hour in FLSA case)*; see, also,* Fish, S.D. Fla. Case No. 0:19-cv-61068-KMM (Awarding first year associate $225 per hour in FLSA case)*;* Vanderbilt, S.D. Fla. 4:18-cv-10261-JLK*;* Carey, S.D. Fla. Case No. 9:19-cv-80811-DMM. Moreover, Mr. Blumstein has appeared in over 110 federal lawsuits – the majority of which arise under the FLSA and other federal employment laws. Additional

background information is found within Mr. Richards' declaration attached hereto. **Exhibit B**. The rate sought for the work performed by Mr. Blumstein is well within the hourly rates awarded in this district. *See, e.g.,* Rambo, C.D. Ill. Case No. 4:20-cv-04212-SLD-JEH, D.E. 9, at pg. 5-6; Donaldson, 2019 WL 4447969 at *3 *citing* Abellan, 2018 WL 6247260 at *10.

In order to avoid further expenses and uncertainty of litigation, Defendant agrees to stipulated to the foregoing regarding Jake Blumstein's' experience and the reasonableness of a hourly rate of $275.00 per hour.

### C) Amount of Hours Billed by Each Time Keeper

There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer. *See, e.g.,* Norman, 836 F.2d at 1301-02. Where more than one attorney is involved, the applicant must demonstrate that the time requested reflects the distinct contribution of each attorney, and the customary practice of multiple lawyer litigation. *See, e.g.,* ACLU of Ga., 168 F.3d at 432.

Counsel for Plaintiff have carefully reviewed their billing records and have made voluntary reductions which have reduced the amount of attorney's fees sought in an effort to narrow these issues and avoid unnecessary litigation. Accordingly, the $5,000.00 in attorney's fees in the settlement agreement accounts for the following amount of time each timekeeper incurred in the litigation:

1) Mr. Richards:     13.99 Hours     $5,596.00
2) Mr. Blumstein:    6.52 Hours      $2,445.00

TOTAL FEES:          20.51 Hours     $8,041.00

TOTAL COSTS:                         $597.00

| | |
|---|---|
| GRAND TOTAL: | $8,638.00 |

See **Exhibit B**.

Accordingly, the Court should, most respectfully, find that payment of $5,000.00 in attorney's fees and costs (a reduction from the $8,638.00 actually incurred) is reasonable under these circumstances. The undersigned counsel, who are experienced in wage and hour matters, view the reached-upon settlement as a fair outcome for the Parties. Furthermore, counsel for Defendant and Plaintiff separately negotiated the above attorneys' fees and costs without regard to Plaintiff's claims. Therefore, the settlement terms represent a fair and reasonable resolution of this matter in light of the contested issues in this case.

### III.   CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth within the Settlement Agreement constitute a fair and reasonable resolution of the FLSA dispute between them. Further, the parties respectfully request that his Honorable court approve the submitted FLSA Settlement Agreement and dismiss the case with prejudice.

### CERTIFICATE OF COMPLIANCE WITH MEET AND CONFER REQUIREMENT

Prior to the filing of this motion, counsel for the Parties conferred regarding the relief sought in this Motion, and the Parties jointly seek the relief requested herein.

**Dated: November 16, 2022**

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS JORDAN RICHARDS, PLLC** <br> 1800 SE. 10th Ave, Suite 205 <br> Fort Lauderdale, Florida 33316 <br> Tel: (954) 871-0050 <br> *Counsel for Plaintiff* <br><br> By:/s/ Jordan Richards <br> **JORDAN L. RICHARDS, ESQ.** | **SCOTT & SCOTT, P.C.** <br> 611 East Monroe Street <br> Suite 200 <br> Springfield, Illinois 62701 <br> Tel: (217) 753-8200 <br> *Counsel for Defendant* <br><br> By:/s/ Pamela E. Hart <br> **PAMELA E. HART, ESQ.** <br> Illinois Bar No. 6299974 |

Fla. Bar No. 108372
jordan@jordanrichardspllc.com
jake@jordanrichardspllc.com
catherine@usaemploymentlawyers.com

peh@scottnscottlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was served by means of the Court's electronic filing system on November 16, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

## SERVICE LIST:

**PAMELA E. HART, ESQ.**
Illinois Bar No. 6299974
peh@scottnscottlaw.com
**SCOTT & SCOTT, P.C.**
611 East Monroe Street
Suite 200
Springfield, Illinois 62701
Tel: (217) 753-8200
*Counsel for Defendant*